```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


KENDRICK HARRIS,                      )
                                      )
            Plaintiff,                )
                                      )
       v.                             )     No. 4:05CV329-DJS
                                      )
MAUREEN CLYDE, VICKY ANTHONY,         )
DEBBIE SMITH and RENEE DAHLMAN,       )
                                      )
            Defendants.               )
```

## ORDER

Now before the Court is defendants' motion to dismiss plaintiff's amended complaint. The amended complaint alleges employment discrimination on the basis of plaintiff's race and sex, and unlawful retaliation, all in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* Named as defendants are four individual supervisors in defendant's former workplace. Defendants move to dismiss the amended complaint on the ground that Title VII liability lies only against the employer itself, and that Title VII does not support liability of individual supervisors.

The Eighth Circuit has now "squarely held that supervisors may not be held individually liable under Title VII." Bonomolo-Hagen v. Clay Central-Everly Community School District, 121 F.3d 446 (8th Cir. 1997), citing Spencer v. Ripley County State Bank, 123 F.3d 690, 691 (8th Cir. 1997). The Eighth Circuit had

earlier so held with respect to individual co-workers other than supervisors.  Smith v. St. Bernards Regional Medical Center, 19 F.3d 1254, 1255 (8th Cir. 1994).  Because plaintiff has named individual supervisors or co-workers rather than the entity which employed him, defendants' motion to dismiss must be granted.

Plaintiff's arguments that he is able to adduce proof of discrimination do not defeat the motion, which is based on the identity of the parties sued.  The Court cannot construe the complaint as asserting claims against a different defendant than those named.  Only the defendants named in the caption and served with process are properly before the Court.  To the extent plaintiff complains that the Court required him to submit his amended complaint on the form Title VII complaint and that he would persist in asserting diversity claims as well, the Court notes that plaintiff's original complaint was dismissed for inadequately stating claims under either Title VII or diversity jurisdiction. The Court granted plaintiff's motion to vacate that dismissal and permitted plaintiff to replead his complaint on a Title VII form because the motion to vacate specifically focused on claims of discrimination.  Plaintiff has never articulated a viable cause of action under the Court's diversity jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss plaintiff's amended complaint [Doc. #22] is granted.

Dated this  29th  day of June, 2005.

                                             /s/Donald J. Stohr
                                             UNITED STATES DISTRICT JUDGE